**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No.96-30119
Summary Calendar

_____

EMILY VICKS

                                        Plaintiff-Appellant


                    versus


UNITED FOOD AND COMMERCIAL
WORKERS LOCAL 210, and
THE INTERNATIONAL UNION
OF UNITED FOOD AND
COMMERCIAL WORKERS

                                        Defendants-Appellees


_____

Appeal From the United States District Court
for the Eastern District of Louisiana
No. 94-CV-2573
_____
November 19, 1996


Before HIGGINBOTHAM, WIENER, AND BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     This is an appeal from the district court's grant of summary

judgment in favor of Defendants-Appellees United Food and

Commercial Workers Local 210 (Local 210) and The International

Union of United Food and Commercial Workers (the International) on

---

[*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

1

Plaintiff-Appellant Emily Vicks' Title VII sexual harassment and retaliation claim. Although Vicks concedes that the district court correctly determined that her employer, Local 210, did not have fifteen or more employees during the relevant time periods and was therefore not an employer within the meaning of 42 U.S.C. § 2000e(b), she contends that the district court erred in (1) excluding or discounting parts of affidavits submitted in opposition to Defendants' motion for summary judgment because they constituted hearsay or were not based on personal knowledge of the events in question, and (2) determining that Local 210 and the International were not a single, integrated enterprise for purposes of satisfying Title VII's definition of an employer.

In conducting our de novo review, we carefully evaluated the record on appeal, the arguments of counsel for both parties as set forth in their respective briefs to this court, and the applicable law. As a result, we come to the same conclusions as did the district court in its well reasoned opinion.

With regard to the affidavits plaintiff complains were improperly excluded, we note that the district court neither ignored the affidavits, nor ruled them inadmissible, but correctly found that these affidavits failed to create any genuine factual dispute. The court simply reasoned that the affiants entirely lacked personal knowledge of the events in question. In our de novo review, we have given particular attention to the affidavit of Wanda Anderson, a member of Local 210 and participant in its strike

2

against National Tea Company (National Tea). In it she states that the President of Local 210 told her that on the day Vicks was fired from her position as a business agent, he had received a phone call from an official of the International suggesting that Vicks be fired. Although we acknowledge that this hearsay statement might otherwise be admissible as an admission by a party opponent under Federal Rule of Evidence 801(d)(2), we agree with the district court that this particular affiant lacked any personal knowledge of Local 210's employment practices or of the reasons for plaintiff's discharge. Given the overwhelming and consistent evidence presented by Appellees showing that Local 210 itself made all hiring and firing decisions regarding its employees in general and Vicks in particular, the Anderson affidavit was woefully insufficient to create a genuine issue of material fact on the "single employer" issue. A mere suggestion by one entity that another entity discharge one of its employees falls far short of exercising the power to hire and fire.

In analyzing whether Local 210 and the International could be deemed a single, integrated enterprise for purposes of satisfying Title VII's statutory employer definition, the district court applied the four factor test mandated by this circuit's Title VII jurisprudence and correctly emphasized the critical question of which entity had centralized control over labor relations; i.e, which entity made final personnel decisions affecting the

plaintiff?[1]   The district court also took care to note the decisions of other federal courts which have uniformly held that the usual relationship between an employer local union and its International Union is not sufficient in and of itself to support single entity status for purposes of Title VII and other anti-discrimination statutes.[2]   Moreover, this general rule or presumption is not reversed by the fact that during the course of its four month strike against National Tea — during which time plaintiff was discharged — the International lent organizational and leadership support to Local 210, loaned money to Local 210 to help it with its strike related activities, and paid strike payment benefits to Local 210's members who were contractually entitled to receive such benefits by virtue of their membership in the International.[3]

---

[1] See Trevino v. Celanese Corp., 701 F.2d 397, 403-04 (5th Cir. 1983); Garcia v. Elf Atochem North America, 28 F.3d 446, 450 (5th Cir. 1994).

[2] See Herman v. United Broth. of Carpenters and Joiners of America, Local No. 971, 60 F.3d 1375, 1383-84 (9th Cir. 1995); Childs v. Local 18, Int'l Broth. of Elec. Workers, 719 F.2d 1379, 1382 (9th Cir. 1983); Shepardson v. Local Union No. 401 of Int'l Ass'n of Bridge Structural and Ornamental Ironworkers, 823 F.Supp. 1245, 1249-57 (E.D. Pa. 1993); and see also, Switalski v. Int'l Ass'n of Bridge, Structural and Ornamental Iron workers, Local Union No. 3, 881 F.Supp. 205, 207-08 (W.D. Pa. 1995).

[3] See Hall v. Delaware Council on Crime and Justice, 780 F.Supp. 241, 245 (D. Del.), aff'd, 975 F.2d 1549 (3rd Cir. 1992) (funding of Delaware Council on Crime and Justice and other non-profit organizations by the United Way does not justify the conclusion that the organizations are a single employer for purposes of Title VII).

4

In sum, we must remain cognizant that, as a labor union, Local 210 wears two distinctly different hats, one as an ordinary employer and the other as the collective bargaining representative of its members. Although during the National Tea strike the International assisted Local 210 wearing its collective bargaining hat, such assistance does not transform the International and Local 210 into a single integrated enterprise for the purposes of Vicks' challenge to the conduct of Local 210's while wearing its common law employer hat.[4]

Finally, we note that Vicks has argued, for the first time on appeal, that the International and Local 210 shared centralized control of labor relations by virtue of the International's having informed Local 210 that it no longer had enough money to employ Vicks.[5] Even though we need not (and therefore will not) consider an argument first asserted on appeal,[6] were we to do so here, we would have to conclude that Vicks has thereby conceded that the real reason for her discharge was, as Local 210 has always maintained, not one prohibited by Title VII but simply that it

---

[4] Herman, 60 F.3d at 1384.

[5] Vicks' argument is based on a letter from an official with the International to Local 210's top officers that described the toll the strike was inflicting on Local 210's monthly revenues.

[6] Frank C. Bailey Enterprises, Inc. v. Cargill, Inc., 582 F.2d 333, 334 (5th Cir. 1978).

5

could no longer afford to pay her.[7]

For all of these reasons, therefore, we affirm the district court's grant of summary judgment.

AFFIRMED.

---

[7] See <u>Marx v. Schunck Markets, Inc.</u>, 76 F.3d 324, 328 (10th Cir.), <u>cert. denied</u>, 116 S.Ct. 2552, 135 L.Ed.2d 1071 (1996) (noting that "if a civil rights plaintiff concedes that the real reason for the employer's action was a motive not prohibited under the civil rights laws, such a concession mandates granting of summary judgment to the employer").